FRED G. MEIS, ESQ., STATE BAR NO. 030712
QUINTON B. CUTLIP, ESQ., STATE BAR NO. 168030
MEIS & ASSOCIATES
100 Bush Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 981-4612
Facsimile: (415) 398-5060

Attorneys for Plaintiff:
BRELEND HUDSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

[SACRAMENTO]

| | |
|---|---|
| BRELEND HUDSON,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF STOCKTON; CITY OF STOCKTON POLICE DEPARTMENT; and DOES 1 TO 100, inclusive.<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. 4th Amendment Violations and<br>2. 14th Amendment Violations<br><br>[42 U.S.C. § 1983]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges the following:

### JURISDICTION

1. Counts in this action arise under 42 U.S.C. § 1983. This Court has original jurisdiction pursuant to 28 U.S.C. § 1343(3).

### VENUE

2. Venue is proper in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. sections 84 and 1391. The events that gave rise to this complaint occurred in San Joaquin County in the State of California, and one of the defendants is the City of

---
Complaint

1

Stockton in San Joaquin County, California.

**INTRADISTRICT ASSIGNMENT**

3. The actions that gave rise to this complaint occurred in San Joaquin County, California. Assignment of this action to the Sacramento Division of this Court is appropriate according to Local Rule 3-120(d).

**PARTIES**

4. Plaintiff Brelend Hudson is a competent adult and a resident of Alameda County, in the State of California.

5. Defendant City of Stockton is a municipality in San Joaquin County, California.

6. Defendant City of Stockton Police Department is the police department within the City of Stockton. Plaintiff is informed and believes that it is a subdivision of the City of Stockton.

7. Plaintiff is currently ignorant of the true names of the two City of Stockton police officers, described below, who violated his civil rights. Plaintiff was previously denied access to the police report. He is suing them as Doe 1 and Doe 2. They are being sued herein in their individual capacities and in their official capacities.

8. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 100, inclusive, and therefore sue these defendants by such fictitious names and capacities. Plaintiff is informed and believes and based thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiffs' injuries as herein alleged were proximately caused by the actions and/or in-actions of said Doe defendants. Plaintiff will amend this complaint to include the true identities of said doe defendants when they are ascertained.

9. At all times mentioned, each of the defendants was acting as the agent, principal, employee, and/or employer of one or more of the remaining defendants and was, at all times herein

2
Complaint

alleged, acting within the purpose, course, and scope of such agency and/or employment for purposes of respondent superior and/or vicarious liability as to all other defendants.

10. At all times mentioned herein, the defendants, and each of them, employed, hired, trained, retained, and/or controlled the actions of all other defendants, and each of them.

## FACTS

11. During the evening of Saturday, November 24, 2007 plaintiff and some friends were in Stockton, California at a club called, "Da Candy Shop" (hereinafter "the club"). After being in the club, plaintiff and some friends and acquaintances were talking outside. Doe 1 and Doe 2, officers with the Stockton Police Department, pulled up and flashed lights on plaintiff and the others. The Officers told them to either get into a car or to go back into the club.

12. Plaintiff got into the car of a woman he was talking with, and he continued conversing with his friends and acquaintances. When two more of plaintiff's acquaintances came out of the club and walked to the car, the Officers again flashed their light on plaintiff and his friends and acquaintances.

13. Plaintiff and one of the women in the car got out and approached the Officers to ask what the Officers wanted them to do. Plaintiff approached the Officer who was seated on the passenger side of the police car. He spoke to the Officer. Plaintiff was not being threatening or offensive. The Officer accused plaintiff of giving the Officer "attitude."

14. The Officer then got out of the passenger side of the police car. He grabbed plaintiff's arm and told plaintiff he was being detained. Plaintiff asked why he was being detained, and the Officer refused to give him a reason – only stating again that plaintiff was being detained.

15. The other Officer who had been seated in the driver's seat of the police car got out of the car and approached plaintiff with his police baton out. Plaintiff asked this Officer if he was

3

Complaint

going to hit plaintiff. This Officer replied, "I will," and took a swing a plaintiff's legs. Plaintiff jumped back and the Officer's swing missed. While avoiding the Officer's swing, plaintiff fell backward through the open door and into the passenger side of the police car.

16. The Officers yelled at plaintiff to "get the fuck out of the car." Plaintiff exited the car with his hands up. The Officer who had been in the passenger side of the car grabbed plaintiff's right arm and pulled it down behind plaintiff's head. Despite that one Officer had plaintiff physically under control, and despite that plaintiff was not resisting, the second officer approached plaintiff and started striking him on the legs with the baton as plaintiff yelled, "I am not resisting."

17. Plaintiff was thrown to the ground, punched in the face repeatedly, and struck on the legs with the baton several more times. Once on the ground, plaintiff's head was smashed into the ground. One Officer then put all of his weight on plaintiff's head as they cuffed him.

18. Once plaintiff was cuffed, the Officers searched his pockets and put him in the back of the police car. The Officers then used plaintiff's car key alarm button to find plaintiff's car and search it. (At no time prior to plaintiff's arrest had plaintiff been in or around his own car while the Police Officers were present.) The Officers allegedly found illicit drugs in plaintiff's car.

19. Plaintiff did not know where the alleged drugs had come from, because they were not his. Plaintiff was suffering pain as a result of the Officer's use of force, so he asked to be taken to a hospital.

20. Other Officers from the City of Stockton Police Department arrived, and plaintiff was placed into another car. After those new Officers started driving to the hospital, they asked plaintiff if he knew why he was being arrested. They told him that he was being arrested for resisting arrest and possession of drugs with intent to distribute. Plaintiff was taken to the hospital.

21. After leaving the hospital, plaintiff was taken to the San Joaquin County Jail early in the morning on Sunday, November 25, 2007, where he was booked and finger printed. Plaintiff remained in the San Joaquin County Jail for three or four days. Before he was to be taken to see a judge for the first time, he was told that all charges had been dropped and that he would be released later that night. Plaintiff was released on or about the following Tuesday or Wednesday.

**FIRST COUNT**
**(Violation of Fourth Amendment Rights &**
**Retaliation for the Exercise of Fourth Amendment Rights)**
**(42 USC § 1983)**

22. Plaintiff incorporates, herein, the preceding paragraphs as though fully set forth herein.

23. This action arises under the United States Constitution, particularly under the provisions of the Fourth Amendment to the Constitution of the United States, and under federal law, particularly Title 42 of the United States Code, § 1983.

24. Each of the acts complained of herein was committed by the defendants, and each of them, under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of California, the City of Stockton, and the County of San Joaquin, and under the authority of their offices as law enforcement officers for the City of Stockton.

25. The conduct of the defendants, and each of them, deprived plaintiff of the following rights, privileges, and immunities secured by the Constitution of the United States:

   a. The right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth Amendment to the Constitution of the United States.

   b. The right of plaintiff not to be subjected to excessive force during the course of an arrest, investigatory stop, or seizure of his person as secured by the Fourth

Amendment to the Constitution of the United States.

26. At no time did plaintiff attempt to resist arrest by fleeing or exerting physical force upon the defendant Officers. At no time, either at the scene or later, did plaintiff act violently with the defendant Officers.

27. The actions of the defendants, and each of them, were the result of policies and/or customs within the City of Stockton, the City of Stockton Police Department, and/or Does 1 to 20. Moreover, the defendants' inadequacy in training the defendant officers with respect to the performance of their duties, including, but not limited to, searches, seizures, use of force, arrests, detentions, and/or discrimination constituted a deliberate indifference to citizens.

28. The defendants, and each of them, knowingly and willfully conspired and agreed among themselves to violate plaintiff's civil rights. The officers conspired to injure plaintiff and/or failed to act to prevent the use of excessive force by their fellow officer(s).

29. As a direct and proximate result of the defendants' conduct, as alleged herein, plaintiff suffered physical injuries, fright, shock, pain, suffering, and extreme mental anguish. Accordingly plaintiff suffered past and future general damages in amounts to be determined by proof at trial.

30. As a direct and proximate result of the defendants' conduct, plaintiff required medical treatment. He also missed time from work, thereby losing income. His car was towed from the scene of the incident, and he was charged towing and storage fees. He suffered past and future special damages in amounts to be determined by proof at trial.

31. Through their conduct, the individual officers acted maliciously and oppressively, in willful and conscious disregard for plaintiff's rights and safety and with the sole intent to harm plaintiff. Plaintiff is therefore entitled to punitive or exemplary damages from the individual officers in an amount to be determined by proof at trial.

Complaint

32. As a proximate cause of the defendants' conduct, plaintiff is incurring attorney fees.

## SECOND COUNT
### (Violation of Fourteenth Amendment Rights)
### (42 USC § 1983)

33. Plaintiff incorporates, herein, the preceding paragraphs as though fully set forth herein.

34. This action arises under the United States Constitution, particularly under the provisions of the Fourteenth Amendment to the Constitution of the United States, and under federal law, particularly Title 42 of the United States Code, § 1983.

35. Each of the acts complained of herein was committed by the defendants, and each of them, under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of California, the City of Stockton, and the County of San Joaquin, and under the authority of their offices as law enforcement officers for the City of Stockton.

36. The conduct of the defendants, and each of them, deprived plaintiff of the following rights, privileges, and immunities secured by the Constitution of the United States:

   a. The right of plaintiff not to be deprived of life, liberty, or property without due process of law, secured by the Fourteenth Amendment to the Constitution of the United States.

37. The actions of the defendants, and each of them, were the result of policies and/or customs within the City of Stockton, the City of Stockton Police Department, and/or Does 1 to 20. Moreover, the defendants' inadequacy in training the defendant officers with respect to the performance of their duties, including, but not limited to, searches, seizures, use of force, arrests, and detentions constituted a deliberate indifference to citizens.

38. The defendants, and each of them, knowingly and willfully conspired and agreed among themselves to violate plaintiff's civil rights. The officers conspired to injure plaintiff.

39. As a direct and proximate result of the defendants' conduct, as alleged herein, plaintiff suffered physical injuries, fright, shock, pain, suffering, and extreme mental anguish. Accordingly plaintiff has suffered past and future general damages in amounts to be determined by proof at trial.

40. As a direct and proximate result of the defendants' conduct, plaintiff required medical treatment. He also missed time from work, thereby losing income. His car was towed from the scene of the incident, and he was charged towing and storage fees. He suffered past and future special damages in amounts to be determined by proof at trial.

41. Through their conduct, the individual officers acted maliciously and oppressively, in willful and conscious disregard for plaintiff's rights and safety and with the sole intent to harm plaintiff. Plaintiff is therefore entitled to punitive or exemplary damages from the individual officers in an amount to be determined by proof at trial.

42. As a proximate cause of the defendants' conduct, plaintiff is incurring attorney fees.

## PRAYER

Wherefore, plaintiffs pray for judgment against the defendants as follows:

**First Cause of Action**.

1. Past and future general damages, including, but not limited to, pain, suffering, injury to reputation, and emotional distress, in an amount to be determined according to proof at trial;

2. Past and future special damages, including, but not limited to, medical and related expenses as well as lost income, towing fees, and storage fees in an amount to be determined according to proof at trial;

3. Costs of suit incurred herein;

4. Punitive or exemplary damages against the individual defendant officers, in an

amount to be determined according to proof at trial;

5. Attorney fees; and

6. For such other and further relief as the court may deem proper.

**Second Cause of Action**.

7. Past and future general damages, including, but not limited to, pain, suffering, injury to reputation, and emotional distress, in an amount to be determined according to proof at trial;

8. Past and future special damages, including, but not limited to, medical and related expenses as well as lost income, towing fees, and storage fees in an amount to be determined according to proof at trial;

9. Costs of suit incurred herein;

10. Punitive or exemplary damages against the individual defendant officers, in an amount to be determined according to proof at trial;

11. Attorney fees; and

12. For such other and further relief as the court may deem proper.

Dated: January 7, 2009                MEIS & ASSOCIATES

By_____
Fred G. Meis
Attorneys for Plaintiff Brelend Hudson

Complaint

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: January 7, 2009

MEIS & ASSOCIATES

By _____
Fred G. Meis
Attorneys for Plaintiff Brelend Hudson

Complaint